IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HUGH FOSHEE and JANET FOSHEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14cv965-SRW |
| ) | |
| GARY L. CLEAVENGER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

The present dispute arises out of a motor vehicle collision that occurred in Pike County, Alabama, on January 1, 2013. On August 6, 2014, plaintiffs filed a lawsuit in the Circuit Court of Pike County, asserting negligence and loss of consortium claims against defendant Gary L. Cleavenger – the driver of a Ford Expedition that allegedly rear-ended the 2006 Chrysler Sebring that plaintiff Hugh Foshee was driving – and defendant Forsgren, Inc. ("Forsgren").[1] (Doc. # 1-1). Plaintiffs seek judgment awarding them damages in an unspecified amount to compensate plaintiff Hugh Foshee "for his personal injuries, pain and suffering, mental anguish, costs, and any other damages [the court] determines proper" and "in an amount necessary to compensate [both plaintiffs] for their loss of consortium[.]" (Id., *ad damnum* clauses). Plaintiffs allege that their vehicle "was declared a total loss" and that Hugh Foshee "has incurred expenses for medical attention that he received" as a result of the accident. (Id., ¶ 9). The state court Clerk served both defendants by certified mail on August

---

[1] The complaint includes no allegations regarding Forsgren, except that it "is a corporation in Fort Smith, Arkansas." (Doc. # 1-1, ¶ 4).

18, 2014.  (Doc. # 1-2, pp. 10-15).

On September 15, 2014, the defendants removed the action to this court.  (Doc. # 1). In their initial notice of removal, they assert that the plaintiffs are residents and citizens of the State of Alabama, that Cleavenger is a resident and citizen of the State of Arkansas, and that Forsgren is an Arkansas corporation and a citizen of the State of Arkansas.  (Id., ¶¶ 6-9). They further assert that "[a]lthough a sum certain is not demanded in the Plaintiffs' Complaint, it is the position of the Defendants that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs[,]" that "there is complete diversity of citizenship between the parties[,]" and that this court "has original jurisdiction, pursuant to 28 U.S.C. § 1332." (Id., ¶¶ 12-15). This action is presently before the court on plaintiffs' motion to remand, filed September 25, 2014. Upon consideration of the parties' arguments, the pleadings, and the evidence of record, the court concludes that the motion to remand is due to be denied.

## DISCUSSION

With limited exception, defendants may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a).  The jurisdictional statute on which defendants relied in removing the present lawsuit provides that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]"  Id., § 1332(a)(1). Plaintiffs maintain that there was "no valid basis for removal" of this action and that it is due

2

to be remanded to state court because "subject matter jurisdiction is 'patently lacking[.]'" (Doc. # 8-1, pp. 8-9).

*Complete Diversity of Citizenship*

Plaintiffs first contend that their complaint "shows on its face that there is not complete diversity of citizenship in this case because the Foshees are Alabama residents and the incident made the basis of the Complaint occurred in Pike County, Alabama." (Doc. # 9-1, pp. 2-3). This argument reflects a fundamental misunderstanding of the concept of complete diversity of citizenship. The location of the incident giving rise to the claim plays no part in the analysis of whether complete diversity of citizenship exists, and the diversity jurisdiction statute does not require diversity of citizenship *among* the plaintiffs. See 28 U.S.C. § 1332(a)(1)("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is *between* ... citizens of different States[.]")(emphasis added); id., at § 1332(c)(1)(defining citizenship of corporations for purposes of the diversity and removal statutes); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Plaintiffs do not challenge the defendants' allegations regarding their status as citizens of the State of Arkansas, nor do they suggest that either plaintiff shares a state of citizenship with either of the defendants. Plaintiffs' argument that complete diversity of citizenship is lacking is without merit.

*Amount In Controversy*

Plaintiffs next contend that they are entitled to remand because the defendants have failed to satisfy their burden of establishing, by a preponderance of the evidence, that the amount in controversy is sufficient to sustain diversity jurisdiction. As to the amount in controversy, defendants alleged upon removal that, "Although a sum certain is not demanded in the Plaintiffs' Complaint, it is the position of the Defendants that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs." (Notice of Removal, Doc. # 1, ¶ 12). Plaintiffs maintain that – by "rely[ing] upon a conclusory allegation in their notice of removal that the jurisdictional amount is satisfied" – defendants have failed to meet their burden as to the amount in controversy. (Doc. # 8-1, p. 3).

In response to plaintiffs' motion to remand, defendants filed an "Amended Notice of Removal" in which they modify their amount-in-controversy allegation to read as follows:

> Although a sum certain is not demanded in the Plaintiffs' Complaint, the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. In a letter to Defendants' insurance carrier, Plaintiffs' counsel detailed the various injuries and damages the Plaintiffs allegedly sustained as a result of this accident. The letter further provides a breakdown of the Plaintiffs' claimed damages, which include $35,594.82 in medical expenses; $38,160.00 in future medication costs; and $4,000.00 in lost wages. See correspondence from Plaintiffs' counsel, attached as "Exhibit D." While these claimed damages, which total $77,754.82, undisputedly exceed the $75,000.00 threshold of § 1332(a), the Plaintiff's demanded of the Defendants $224,000.00 due to "the permanency of Mr. Foshee's injuries." Plaintiffs' counsel makes clear in his letter that the Plaintiffs' demand of $224,000.00 is based on counsel's "objective and realistic" evaluation of the Plaintiffs' "claims and injuries." Id. Thus, the Plaintiffs clearly intend to seek from the Defendants an amount much greater than $75,000.00.

(Doc. # 10, Amended Notice of Removal, ¶ 12; see also Doc. # 10-4, Exhibit D to Amended

4

Notice of Removal, 10/9/2013 letter from plaintiffs' counsel to United Fire Group). Defendants have also filed a copy of plaintiffs' demand letter to United Fire Group as an attachment to their response in opposition to plaintiff's motion to remand.  (Doc. # 9-1).

Plaintiffs do not contend that defendants may not amend a notice of removal, nor do they argue that – in assessing the amount that was in controversy at the time of removal – this court may not consider evidence filed after removal.[2]  Nor have plaintiffs lodged an objection to the authenticity or admissibility of the evidence defendants have filed in this case.  Instead, plaintiffs maintain that the pre-suit demand letter is not sufficient to satisfy defendants' burden of establishing that the requisite amount is in controversy, apparently for two reasons.  First, they contend that it "'does not constitute sufficient "other paper" from which the defendant could ascertain the case was remov[]able[.]'" (Doc. # 11, p. 2)(ostensibly quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992)[3]). They further suggest that the pre-suit demand letter that their attorney sent to defendants'

---

[2] In determining whether jurisdictional requirements are satisfied, the court may consider evidence filed after removal.  Sierminski v. Transouth Financial Corp., 216 F.3d 945 (11th Cir. 2000); see Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 772-73 (11th Cir. 2010)(pointing out that "language in the Lowery [v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007)] opinion barring the use of post-removal evidence is only *dicta*" and conflicts with the Eleventh Circuit's earlier holding in Sierminski).

[3] The language that plaintiffs represent as a quote from the Fifth Circuit's Chapman case (see Doc. # 11, p. 2) does not appear in that decision. It appears, instead, in the Wood Haulers opinion that plaintiff cites – within that court's parenthetical quotation of language from a decision of the Western District of Louisiana. See Wood Haulers, 2009 WL 521030 at *2)(quoting George v. Wal-Mart Louisiana, L.L.C., 2007 WL 196902 (W.D. La. 2007)). Additionally, in the language that plaintiffs offer as a direct quotation of the Wood Haulers court's c*onclusion* (see Doc. # 11, p. 2), the court does not state its own conclusion but, instead, is quoting the plaintiff's argument in support of remand. See Wood Haulers, 2009 WL 5218030 at *4.

insurer is not probative of the actual amount in controversy.  (Id. at pp. 1-2)(citing Mark v. Wood Haulers, Inc., 2009 WL 5218030 (S.D. Ala. Dec. 31, 2009) and Jackson v. Select Portfolio Servicing, Inc., 2009 WL 2385084 (S.D. Ala. Jul. 31, 2009)).  Plaintiffs have also filed a copy of United Fire Group's response to their demand letter, in which the insurer offers only $7,500.00 to resolve plaintiffs' claim, "[i]n light of the clear contributory negligence on the part of Mr. Foshee[.]"  (Doc. # 11-1).[4]

The Fifth Circuit's Chapman decision has no bearing the issue before this court.  The Fifth Circuit addressed the timeliness of the removal petition before it, which was filed more than thirty days after the defendant was served with the state court complaint.  See Chapman, 969 F.2d at 160 (defendant was served on July 10, 1990, and filed a notice of removal on August 27, 1990).  In reaching its decision, the court rejected the plaintiff's contention that, because the plaintiff had advised the defendant in a pre-suit letter that he had incurred medical expenses in the amount of $67,196.48, the defendant was required to remove the case within thirty days of service of the complaint – which sought damages in an unspecified amount.  The plaintiff argued that service of the complaint triggered the thirty-day removal period because the defendant knew or should have known from plaintiff's pre-suit correspondence that the amount in controversy exceeded the jurisdictional threshold, which was then $50,000.  Chapman, 969 F.2d at 161-62.  The Fifth Circuit concluded that "for the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant

---

[4] Defendant has filed no objection to the additional evidence filed by the plaintiff.  The court considers any evidentiary objections not raised by the parties to have been waived.

must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Id., 969 F.2d at 163. The court rejected the plaintiff's related contention that the medical bills and demand letter that he had provided to the defendant before commencement of the lawsuit constituted "'other paper' for purposes of the second paragraph of § 1446(b)" such that the thirty-day removal period described in that second paragraph was triggered when the defendant received the initial pleading. Id., 969 F.2d at 163-64.[5] In the present case, defendants removed the action within thirty days after service of process – *i.e.*, pursuant to § 1446(b)(1). There is no issue of timeliness, and the opportunity for removal provided by § 1446(b)(3) does not apply on these facts. Chapman simply does not speak to the issue presently before the court.

The issue confronting this court is not one of timeliness of the removal but, instead, whether defendants have satisfied their burden of establishing, by a preponderance of the evidence, that the amount in controversy – measured as of the time of removal – exceeds $75,000.00. In reaching its conclusion, the court may consider the evidence that both parties have put before the court, including evidence filed after the removal. See Sierminski, 216 F.3d at 949 ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting

---

[5] The rule described in Chapman as stated within the "second paragraph" of § 1446(b) is now set forth in the paragraph designated as § 1446(b)(3), but the rule is unchanged substantively. See 28 U.S.C. § 1446, as amended by Pub. L. 112-63 (December 7, 2011 amendment).

or reviewing evidence outside the removal petition. We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction."); see also Pretka, 608 F.3d at 773 n. 28 ("The Lowery opinion does state that the district court must 'review the propriety of removal *on the basis of the removing documents*.' In construing Lowery, we read the phrase 'removing documents' to include *all* the documents before the court when it reviews the propriety of removal – if, of course, those documents are relevant to the time of removal[.] ... In other words, a defendant's opposition to remand is a 'removing document.' If we are wrong in our interpretation of the Lowery opinion, then it is inconsistent in this respect with the earlier Sierminski decision, which trumps it.")(citations omitted); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."); id., 269 F.3d at 1320-21 (Eleventh Circuit examined the record before the district court, after finding that the complaint and notice of removal were "inconclusive" on the amount in controversy; stating, "[w]here the pleadings are inadequate, we may review the record to find evidence that diversity jurisdiction exists").

In Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp.2d 1279, 1281-82 (S.D.

Ala. 2009) – one of the cases which plaintiff cites in support of remand – the court remanded the action to state court, concluding that a demand letter that sought $155,000 "without the slightest suggestion how in the world plaintiffs could support such a figure" amounted to "mere posturing." In reaching its conclusion, however, the court explained:

> "While [a] settlement offer, by itself, may not be determinative, it counts for something." Burns v. Windsor Insurance Co., 31 F.3d 1092, 1097 (11th Cir. 1994). What it counts for, however, depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information ... to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" are entitled to more weight. Golden Apple Management Co. v. Geac Computers, Inc., 990 F.Supp. 1364, 1368 (M.D. Ala. 1998).

Jackson, 651 F. Supp. 2d at 1281 (alterations in original; footnotes omitted). In Wood Haulers – a decision that plaintiff describes as "directly on point with our case at issue" – the court concluded that a pre-suit demand letter seeking $350,000 for each of two plaintiffs was not sufficient to establish that the requisite amount was in controversy, where the letter listed "medical specials" of less than $10,000 for each plaintiff. Wood Haulers, 2009 WL 5218030 at *3; id. at *9 ("[The] pre-suit demand letter ... clearly contains a modicum of specific information – i.e., the medical expenses incurred by each plaintiff – in support of the demands; however, because the demands are 35 times the medical expenses incurred by each plaintiff, the undersigned can reach no other conclusion but that the demands are both exaggerated/"puffed" and constitute unreasonable assessments of the value of the plaintiffs' claims.").

In the present case, plaintiffs' counsel lists specific items of special and compensatory damages in his October 9, 2013, demand letter to United Fire Group: (1) injury-related expenses for Troy Regional Medical Center, Troy Regional Physicians, and Dr. Charles Wood in the total amount of $35,594.82; (2) medication expenses in the projected total amount of "approximately" $38,160.00, calculated based on plaintiff Hugh Foshee's monthly medication expense of $795.00, his age of 69 years, and an average life expectancy of 73 years; and (3) lost wages (as of the time of the demand) in the amount of $4,000.00. (Doc. # 9-1, pp. 5-6). Thus, plaintiffs' attorney itemizes special and compensatory damages that total $77,754.82, an amount that is sufficient – without taking into account *any* amount of damages that plaintiffs might recover for pain and suffering, mental anguish, and loss of consortium – to sustain this court's exercise of diversity jurisdiction.

The insurer's responsive offer does not suggest that it views $7,500 as the value of plaintiff's claims, if plaintiffs should prevail on those claims. The claims representative states expressly that he makes the offer of $7,500.00 "[i]n light of the clear contributory negligence on the part of Mr. Foshee" which – he observes – is "a complete bar to recovery per AL pure contributory negligence tort law." (Doc. # 11-1). Because the counteroffer is premised expressly on the insurer's determination that the plaintiffs are not entitled to prevail at all on their claims, the court cannot conclude that the $7,500 figure represents anything other than the insurer's view of the "nuisance" value of plaintiffs' claims. As such, it sheds little light on the amount in controversy.

As noted above, the demand letter includes plaintiff's attorney's itemization of special

and compensatory damages in a total amount that, standing alone, exceeds the jurisdictional threshold. Thus, defendants have satisfied their burden of establishing by a preponderance of the evidence that, at the time of removal, the amount in controversy was sufficient to sustain this court's exercise of diversity jurisdiction. See Javits v. State Farm Fire and Casualty Co., 2014 WL 4230069, *7 (N.D. Ga. Aug. 26, 2014)(demand letter seeking "special damages in the amount of $12,720.84 for cleaning of the contents of the home plus $70,347.20 for the structural repairs to the home" found to be sufficient to demonstrate that the amount in controversy exceeded $75,000 at the time of removal).

## CONCLUSION

For the foregoing reasons, it is

ORDERED that plaintiffs' motion to remand (Doc. # 8) is DENIED.

DONE, this 4th day of December, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE